GONZÁLEZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* HERNÁNDEZ
ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action
of Ejectment.—Motion for Dismissal of Appeal.

No. 2880.—Decided November 10, 1922.

APPEAL—TRANSCRIPT OF EVIDENCE—STENOGRAPHER.—According to the terms of
Act No. 27 of November 27, 1917, an order directing the stenographer to
prepare the transcript of the evidence must be made by the court and not
by the clerk, and although the law reads that it shall be the duty of the
court to order the stenographer to make the transcript, that provision is
not imperative, for as it is to be done when there is an appeal and when
the motion is made within ten days after the appeal is taken, there is no
doubt that the court should be convinced of the existence of such conditions
in order that the duty of making such an order may attach.

ID.—ID.—ID.—EXTENSION OF TIME.—Even admitting that the stenographer could
prepare the transcript of the evidence by virtue of the motion of the ap-
pellant before the court had ruled, and that the first extension of time granted
by the court was valid, yet this appeal would have to be dismissed because
the motion for a second extension was filed too late.

The facts are stated in the opinion.

*Mr. A. Marín Marién* for the appellants.

*Mr. L. Méndez Vaz* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Act No. 27 of November 27, 1917, provides that instead of

preparing the bill of exceptions or statement of the case determined by section 299 of the Code of Civil Procedure, a party desiring to obtain a review on appeal of any matter or order reviewable on appeal from a final judgment may substitute such bill of exceptions or statement of the case by a transcript of the evidence prepared by the stenographer, and for that purpose may file with the clerk of the court whose judgment, order or decision may have been appealed from a written application requesting the stenographer to prepare a transcript of the evidence, which application shall be filed within 10 days after filing the notice of appeal; and section 2 of the said Act prescribes that upon receipt of said application it shall be the duty of the court to direct the stenographer to prepare the transcript and deliver it to the clerk of the court within 20 days after he has been so directed by the court. This period may be extended by the court, and by Act No. 81 of 1919, amending said Act No. 27 of 1917, the extension may be asked for by the stenographer or by the appellant.

In this case the notice of appeal was filed on August 9th and on the 18th of the same month the appellant filed a paper addressed to the clerk of the lower court asking the court to cause the transcript to be prepared by the stenographer. It does not appear from the record or from the journal of the court that the court gave the stenographer any order to that effect, but the clerk states in an affidavit that he personally notified the stenographer of the said petition.

On September 7th the stenographer asked the court in writing for a first extension of 30 days and it was granted, but that document does not appear to have been filed by the clerk and the order granting the extension does not appear in the journal of the court. In another paper dated October 7th, which was filed by the clerk on the 9th, the stenographer asked for and obtained from the court another extension of 30 days. On October 31st the stenographer de-

livered the transcript to the clerk, but prior to that, or on the 19th of that month, the appellee had filed in this court a motion for the dismissal of the appeal on the grounds that without an order of the court the stenographer is not authorized to prepare the transcript; that the 20 days fixed by law had expired, and that even supposing that on September 7th the district court granted a first extension of 30 days at the request of the stenographer, the motion for the second extension was filed on October 9th, or two days after the first extension had expired; wherefore, the second extension being null and void, the transcript of the record should have been filed in this court within the 30 days following the filing of the notice of appeal.

In opposition to that motion the appellants allege that an order of the court directing the stenographer to prepare the transcript of the evidence was not necessary, because the statute provides that when such an application is made it is the duty of the court to order the stenographer to prepare the transcript and the court has no discretion in the matter, and because the law allows the stenographer 20 days for preparing the transcript, although that period may be extended.

Not only does the statute prescribe in clear and express language that the court shall direct the stenographer to prepare the transcript of the evidence, and its order can not be supplied by the clerk; but, furthermore, the court's order is necessary because the 20 days allowed the stenographer within which to do the work runs from the date of that order; and although the law reads that it shall be the duty of the court to order the stenographer to prepare the transcript, that provision is not imperative, for as the order should be given when there is an appeal and when the application is made within ten days after the appeal is taken, there is no doubt that the court should be convinced of the existence of such conditions before it becomes its duty to

give such an order. Consequently, it is necessary that the court should order the stenographer to prepare the transcript so that it may be substituted for the statement of the case or bill of exceptions referred to in the amended section' 299 of the Code of Civil Procedure.

On the other hand, admitting the contention of the appellants and consequently admitting that without an order of the court and solely by virtue of the application the stenographer had authority to prepare the transcript within 20 days, or within such extensions as he was granted, the fact is that the first extension of 30 days which was granted expired on September 7th and he did not file with the clerk until the 9th the new motion for an extension; therefore, the first extension having expired, the court was without power to grant a second extension and the time within which to file the transcript in this court expired 30 days after the appeal had been taken and no transcript was filed within that time.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.